IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                           **CRIMINAL ACTION NO. 2:01-cr-11-KS-RHW**

**JOHN EDWARD BROOKS**

### ORDER

This matter is before the court on the defendant's Motion to Vacate, Set Aside or Correct Sentence **[#59]** and miscellaneous matters.  The court has reviewed the motion and response and being fully advised in the premises finds that the motion should be denied.

The defendant originally attempted to file his motion on April 3, 2002.  He was given thirty days leave to amend his motion to conform to the dictates of 28 U.S. C. §2255 on May 16, 2002.  He was given a second leave of court to file an amended motion within thirty days of August 27, 2002, on August 28, 2002.  To date, no amended motion has been filed.  The only thing the defendant has filed is a letter requesting that this court's order directing that a portion of any money he earns in prison be withheld for child support payments be held in abeyance until he is released from prison along with miscellaneous letters.

The defendant has wholly failed to comply with this court's multiple orders directing him to file an amended motion in conformity with § 2255, even though he was informed that his failure to comply with the orders of the court would result in dismissal of his motion.  For this reason alone, and almost four years of inactivity by defendant to

prosecute this matter, the cause should be dismissed. However, even if the court were to consider the merits of the defendant's claims, the motion should be denied.

On March 13, 2002, the defendant pled guilty to conspiracy to possess with intent to distribute more than 50 grams of a mixture and substance containing cocaine base. He was sentenced to 70 months, followed by five years of supervised release, a fine of $2,850 and a $100 special assessment. As part of his plea agreement, the defendant entered into a memorandum of understanding in which he "expressly waive[d] the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, title 28, United States Code."

The defendant's wavier of post-conviction relief effectively prevents him from pursuing the claims he is attempting to pursue in this action. *See United States v. Glinsey*, 209 F.3d 386 (5th Cir. 2000)(*cert denied* 531 U.S. 919 (2000)); and *United States v. Wilkes*, 20 f.3d 651 (5th Cir. 1994).

For the foregoing reasons, the defendant's attempt to file a Motion to Vacate, Set Aside or Correct his sentence **[#59]** is denied. The defendant's letter motion **[#70]** to hold child support payments in abeyance is also denied. Any other motions are dismissed as moot.

SO ORDERED AND ADJUDGED this the 31st day of March, 2006.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE